52D01-2101-CT-000030

USDC IN/ND case 3:21-cv-00208-JD-MGG   document 5   filed 01/14/21   page 1 of 3

Filed: 1/14/2021 10:57 AM
Clerk
Miami County, Indiana

Miami Superior Court 1

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MIAMI COUNTY SUPERIOR COURT 1 |
| | )SS: | |
| COUNTY OF MIAMI | ) | CAUSE NO.: 52D01-2101-CT- |

DAVID PARTIDA and NICHOLE HYDE,  )
    Plaintiffs,  )
                                     )
    vs.  )
                                       )
ZEP, INC. D/B/A AFCO,  )
    Defendant.  )

## PLAINTIFFS' COMPLAINT FOR DAMAGES AND JURY DEMAND

### I.
### NEGLIGENCE

Come now the Plaintiff, David Partida, by counsel, John P. Daly Jr., Esq., and for his cause of action against the Defendant, Zep, Inc. d/b/a AFCO, alleges and states as follows:

1. That at all times relevant to this action, David Partida ("DAVID") was a resident of the City of Kokomo, County of Howard, State of Indiana.

2. At all relevant times herein, Defendant, Zep, Inc. d/b/a AFCO (hereinafter "ZEP"), was a foreign profit corporation doing business in the State of Indiana with its registered agent located at 900 Old Roswell Lakes Pkwy., Ste. 310, Roswell, GA 30076.

3. That on or about March 11, 2019, the Plaintiff, DAVID, was in the course and scope of his employment with Smithfield Foods located at 3311 State Road 19 North in Peru, Indiana, when he sustained severe and permanent injuries as a result of a chemical exposure.

4. The above-described incident was a direct and proximate result of the careless and negligent acts and omissions of the Defendant, ZEP, including, but not limited to:

   a. Failing to properly select, design and/or maintain the hose being used at the time of Plaintiff's injuries;

   b. Creating a hazardous condition on the property by not ensuring that the hose was properly selected, designed or maintained; and

   c. Failed to provide proper training and Personal Protective Equipment for the chemicals and equipment to the Plaintiff.

5. As a direct and proximate result of the Defendant's negligence, Plaintiff sustained severe and permanent injuries which have caused him severe pain and suffering and emotional distress.

6. As a direct and proximate result of the Defendant's negligence, Plaintiff has incurred lost wages and medical expenses, and may incur in the future substantial medical expenses.

7. As a direct and proximate result of the injuries sustained by Plaintiff and his effects, Plaintiff's quality of life was diminished.

8. As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff has been otherwise damaged.

WHEREFORE, Plaintiff prays and demands judgment against the Defendant in such a sum as the Court and/or jury may determine as compensation for his injuries and expenses as herein alleged, together with all other just and proper relief in the premises.

## II.

## LOSS OF CONSORTIUM

Comes now Plaintiff, Nichole Hyde, by counsel, and for her claim for relief against the Defendant, alleges and states that:

1. Plaintiff, Nichole Hyde, hereby realleges and incorporates herein by reference the material allegations of Count I of this Complaint.

2. At all relevant times herein, she was and is Plaintiff, David Partida's wife.

3. As a direct and proximate result of the negligence of the Defendant, Nichole Hyde has suffered the loss of services, society and marital rights out of her marriage with her husband, David Partida, known as consortium.

WHEREFORE, Plaintiff, Nichole Hyde prays for judgment against the Defendant in an amount, which will fully and reasonably compensate her for her damages, her costs, and all other relief just and proper.

## REQUEST FOR JURY TRIAL

Plaintiffs, David Partida and Nichole Hyde, by counsel, request that this case be tried by a jury.

Respectfully Submitted,

/s/   John P. Daly Jr., Esq.
John P. Daly Jr., Esq. #11534-49
*Attorney for Plaintiffs*

GOLITKO & DALY, P.C.
9450 N. Meridian St., Ste. 250
Indianapolis, IN  46260
T: (317) 566-9600 / F:  (317) 566-9606
john@golitkodaly.com